NORTH FORK BANK, Appellant, v JOHN V. SAWICKI et al., Respondents. [804 NYS2d 415]—

In an action to set aside a conveyance as fraudulent, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated March 3, 2005, which denied its motion to renew and/or reargue its prior motion to extend a judgment lien, which was denied, without prejudice to renew, by an order of the same court (Klein, J.) dated August 18, 2003.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Inasmuch as the plaintiff's original motion was denied without prejudice to renew, we reject the defendants' contention that the appeal should be dismissed on the ground that the motion was, in actuality, only a motion for leave to reargue, the denial of which is not appealable. Moreover, we reject the defendants' claim that the plaintiff failed to preserve its present contention for appellate review.

Turning to the merits of the appeal, we reject the plaintiff's contention that the Supreme Court erred in denying its motion to extend the 10-year period of its judgment lien pursuant to CPLR 5203 (b). That statute allows a court to extend a lien after the expiration of 10 years from the filing of the judgment roll only where a judgment creditor was stayed from enforcing the judgment, or where an execution was delivered to the sheriff before the expiration of 10 years from the filing of the judgment roll and an extension is needed to complete the advertisement and sale of the real property. The plaintiff does not contend that an execution was delivered to the sheriff before the expiration of the 10-year lien period, and we reject the plaintiff's argument that it was "stayed" from enforcing the judgment due to the

defendants' conduct. Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.